United States District Court
Southern District of Texas

**ENTERED**

June 12, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARAM KAFEL ASMEROM, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00793 |
| | § | |
| GABRIEL MARTINEZ, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM AND ORDER

The petitioner, Aram Kafel Asmerom, is currently detained by United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials pursuant to a final order of removal. Through counsel, petitioner filed an amended petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his continued detention. Doc. No. 6. Respondents have filed a motion for summary judgment (Doc. No. 9), and the Petitioner filed a reply in opposition (Doc. No. 10). The Court has carefully considered the pleadings, submissions of the parties, and applicable law and **GRANTS** habeas relief for the reasons that follow.

## I.  BACKGROUND

Asmerom is a citizen of Eritrea who was admitted into the United States as a refugee on or around July 31, 1991. Doc. No. 6 at 4. He became a legal permanent resident. *Id.* In 1997, Asmerom was convicted of aggravated assault and sentenced to two years in prison. This conviction formed the basis of removal proceedings against him. *Id.*

In 2000, his removal proceedings concluded, and he was granted withholding of removal to Eritrea and Ethiopia.[1] Doc. No. 6-1. After he was granted withholding of removal, Asmerom was convicted of several other offenses that he characterizes as less serious than his aggravated assault conviction.[2] He asserts that he has had no convictions since 2021 and was gainfully employed with Ceva Logistics at the time he was detained. He claims that he has turned his life around in the last five years and has a wife and child who are United States citizens. Doc. No. 6 at 5. Asmerom claims that he has fully cooperated with ICE officials to apply for travel documents, but no third country has agreed to accept his removal. *Id.* at 5-6. Respondents do not dispute that Asmerom has cooperated and that no third country has agreed to accept his removal.

On November 25, 2025, while attending a routine check-in as required by his Order of Supervision, Asmerom was detained by ICE. *Id.* at 6. He has been detained now for over six months. Among other things, Asmerom argues that his detention is indefinite because he cannot be deported to Eritrea or Ethiopia based on the withholding of removal and Respondents have not identified any third country willing to accept his removal.

---

[1] Petitioner points out several inconsistencies in Respondents' motion and attached evidence. The undisputed facts are that Asmerom is subject to a final order of removal and has been granted withholding of removal to Eritrea and Ethiopia and he has been detained longer than six months. As the petitioner points out, the central inquiry is whether his removal is significantly likely in the reasonably foreseeable future, not the exact dates of events or details of his criminal record, where the Respondents do not assert that he is a danger to society if released on an Order of Supervision.

[2] Asmerom reports that he was convicted of driving while intoxicated five times (in 2001, 2008, 2019, 2019, and 2021); misdemeanor terroristic threats twice (2004 & 2013); trespassing twice (2007 & 2012); driving while license suspended (2007) and disorderly conduct (2006). Doc. No. 6 at 5.

Respondents move for summary judgment, contending that Petitioner's detention is lawful and that he does not show that removal is not likely in the reasonably foreseeable future. Doc. No. 9. They also generally assert that they are working with several dozen countries to try to remove him to a third country. *Id*. at 7; Doc. No. 9-1 at 8.

## II. LEGAL STANDARDS

### A. 28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'" *Munaf v. Geren*, 553 U.S. 674, 686 (2006) (citing § 2241(c)(1)). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Id.* (quoting *Wales v. Whitney,* 5 S. Ct. 1050, 1054 (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Gudiel Polanco v. Garland*, 839 F. App'x 804, 805 (4th Cir. 2021) (holding that where the alien challenged his detention rather than any removal order, his challenge "must be brought pursuant to a habeas corpus petition" in district court). Courts retain jurisdiction to review an alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.) (citation omitted). Where, as here, a habeas petition "'raises only issues of law, or

questions regarding the legal implications of undisputed facts,'" a court need not hold a hearing to decide the case and grant habeas relief. *See Gomez Vallecios v. Noem*, No. EP-25-CV-573-KC, 2025 WL 3853219, at *1 (W.D. Tex. Dec. 9, 2025) (quoting *Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) and concluding that the petition could be granted without a hearing because it presented questions of law and facts were resolved in favor of the respondents); *see also Alves da Silva v. U.S. Immigration and Customs Enforcement*, No. 25-CV-284-LM-TSM, 2025 WL 2778083, at *1 (D.N.H. Sept. 29, 2025) (noting that a "petition 'may be resolved on the merits without [an evidentiary] hearing when, as here, the material facts are not in dispute.'" (citation omitted)).

## B. Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56. The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial. *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact." *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)). "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light most favorable to [Petitioner], the nonmoving party." *Canady v. Davis*, 687 F. App'x 362, 365

(5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

## III.   DISCUSSION

Asmerom contends that his continued detention violates due process under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that he will be removed in the reasonably foreseeable future.  He argues that he has shown good reason to believe that his removal is not likely to occur in the reasonably foreseeable future and that Respondents fail to rebut that showing.

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.  In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. at 699. The Court explained that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." 533 U.S. at 682.  Inadmissible noncitizens or those with

certain criminal convictions may be detained beyond the removal period, 8 U.S.C. § 1231(a)(6), but the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." *Zadvydas*, 533 U.S. at 689. The Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701.

After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets this burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

It is undisputed that Asmerom was detained in November 2025 pursuant to a final order of removal. To date, he has been detained longer than the six-month presumptively reasonable period set forth in *Zadvydas*.

In addition, the Court finds that Asmerom has met his burden to show that there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. First, the only countries identified by the Respondents for removal are Eritrea and Ethiopia, and he cannot be removed to either of those countries because he has been granted withholding of removal. To the extent that a detention officer indicated to

Asmerom that he might be removed to Uganda, Asmerom presents evidence to show that Uganda is not accepting individuals with a criminal record. *See* Doc. No. 10-1. Second, Asmerom's uncontroverted facts show that he has cooperated with ICE to try to obtain travel documents, and ICE has identified no specific country that has indicated any willingness to accept his removal.

Courts have found that a petitioner meets his burden to show good reason where he alleges non-conclusory facts, *Andrade*, 459 F3d at 543-44; where he alleges that he received withholding of removal to his home country and that ICE had not identified a third country willing to accept him; or where he had a deferral and travel documents had not been secured from any third country. *See, e.g., Trejo v. Warden of ERO El Paso East Montana*, 807 F. Supp. 3d 697, 705-06 (W.D. Tex. 2025); *Baltodano v. Bondi*, 815 F. Supp. 3d 1191, 1198 (W.D. Wash. Dec. 4, 2025).

The Court finds that Asmerom's allegations are not conclusory and instead specifically show that he has been granted withholding of removal and cannot be removed to his home country or to Ethiopia; Respondents have not identified a third country willing to accept him; and he has cooperated with ICE to try to obtain travel documents. Doc. No. 6 at 5-6. Asmerom has met his burden under *Zadvydas* to show that there is good reason to believe that removal is not reasonably likely in the foreseeable future.

Because Petitioner has shown good reason, the burden then shifts to Respondents to "respond with evidence sufficient to rebut [a petitioner's] showing." *Zadvydas*, 533 U.S. at 701. "[G]eneralized statements about removal efforts and averments of likelihood of

7 / 10

removal alone are insufficient to satisfy respondents' evidentiary burden." *Chang v. Perez, et al.*, No. 5:25-cv-294, slip op. at 9 (S.D. Tex. Feb. 11, 2026) (citing *Zamanpour v. Perez*, No. 5:25-cv-224, slip op. at 16 (S.D. Tex. Dec. 24, 2025)); *see also Baltodano*, 815 F. Supp. 3d at 1198-99. Likewise, this burden is not satisfied by a pending request for travel documents alone. *Trejo*, 807 F. Supp.3d at 706.

Respondents do not meet their burden to show that removal is likely anytime soon, let alone in the reasonably foreseeable future. They do not contest that Asmerom has cooperated with efforts to obtain travel documents. They do not dispute that they cannot remove him to Eritrea or Ethiopia, and they do not name any specific third countries to which they have made any inquiries. Their attestations that they are "working with several dozen countries" are conclusory. Respondents do not allege that any third country has agreed to accept Petitioner's removal and fail to rebut Petitioner's showing of good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.

The Court finds that Petitioner's continued detention violates due process because there is no significant likelihood of removal in the reasonably foreseeable future. Accordingly, Asmerom is entitled to relief on the indefinite detention claims in his petition for a writ of habeas corpus. Because the Court finds that there is no significant likelihood of removal in the reasonably foreseeable future, Asmerom must be released. *Zadvydas*, 533 U.S. 701 (holding that a noncitizen "may be held in confinement until it has been

determined that there is no significant likelihood of removal in the reasonably foreseeable future"). The Court orders his release subject to the conditions set forth below.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. Respondents' Motion for Summary Judgment (Doc. No. 9) is **DENIED**.

2. Petitioner's Amended Petition for a Writ of Habeas Corpus, (Doc. No. 6), is **GRANTED**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. Respondents must either remove Petitioner from the United States or release Petitioner by **July 10, 2026, at 5:00 p.m. in a public place agreed on by the parties within two days of the date this Order is entered**, under the same conditions that were in effect in his previous Order of Supervision. Respondents must notify his counsel of the exact time and location of release **at least four hours** before his release.

5. Petitioner shall not be re-detained without a showing that there has been a material change in circumstances, for example, a showing that Petitioner's documents are ready, that a third country has agreed to accept Petitioner, and that Petitioner has been provided notice of that third country and an opportunity to object to the third country removal.

6. The 5-day notice provision from the Court's February 24 Order, (Doc. No. 7), REMAINS IN EFFECT. The parties shall provide the Court with a status update

concerning Petitioner's release by **July 13, 2026, at 5:00 p.m.**. The parties should also notify the Court of the conditions, if any, of his release.

7. By **July 17, 2026**, the parties shall file a joint status update and indicate whether this case may be closed.

**SO ORDERED**.

SIGNED on this ___ 11 ___ day of June 2025.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE